UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL McCONNAUGHEY, an individual, | ) CASE NO. 12-cv-5191 CAS (JCx) ) ) Honorable Christina A. Snyder |
| Plaintiff, | ) ) **PROTECTIVE ORDER** |
| vs. | ) ) |
| MAGID GLOVE AND SAFETY MANUFACTURING COMPANY, LLC, and DOES 1 THROUGH 100, Inclusive, | ) ) ) |
| Defendants. | ) Complaint Filed June 14, 2012 ) |

The Court, having considered the Stipulation filed by Plaintiff Paul McConnaughey ("Plaintiff") and Defendant Magid Glove and Safety Manufacturing Company, LLC ("Defendant," and at times collectively with Plaintiff, the "Parties," or either Defendant or Plaintiff singularly as a "Party"), and good cause appearing, ORDERS as follows:

All information and materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," produced or exchanged in the course of this litigation shall be used or disclosed only as follows:

1.  "Protected Information."  Protected Information, as used herein, means confidential, commercially-sensitive, trade secret and/or proprietary business information and documents entitled to protection under Fed. R. Civ. 26(c), including but not limited to, confidential business information such as marketing plans or strategies, business plans, strategic plans, license agreements or negotiations, market research, research and development relating to products not yet released or sold, correspondence and agreements with actual or prospective customers or vendors, financial information or projections, including without limitation, invoices, sales, licensing payments, licensing statements, budgets, statements of revenue, profits, costs or liabilities, actual or prospective customer lists, and all other information and documents that Defendant treats as confidential, commercially-sensitive, trade secret or proprietary business information in the ordinary course of business, or that would put the producing person at a competitive disadvantage if the information became known to the receiving party or a third party.  Protected Information also includes information and documents that describe, reflect or otherwise relate to an individual's confidential financial, medical, marital and sexual condition.  All Protected Information produced in this case shall be used solely for purposes of this litigation as permitted hereunder and for no other purpose.

2.  "Confidential Information."  Confidential Information, as used herein, means any Protected Information, including all original documents and copies thereof, which a Party has designated as being produced subject to this Protective Order in accordance with the designation procedures set forth herein in Paragraph 4.

3.  "Qualified Persons."  Qualified Persons, as used herein, means Defendant and its members, owners, affiliates or subsidiaries; Plaintiff Paul McConnaughey; the Parties' respective counsel of record in this action engaged in the preparation for trial of this proceeding, including regularly employed partners, associate attorneys, paralegals, and stenographic and clerical staff assisting such counsel and experts and/or consultants engaged by a Party for purposes of this action.  A percipient

witness is only a Qualified Person if he or she has or had prior access to the Confidential Information.  Before disclosing Confidential Information to any expert, consultant, or percipient witness, counsel for the disclosing Party must make a good faith determination that the disclosure of the Confidential Information to the expert, consultant or witness is necessary for the preparation of this case and, with respect to percipient witnesses, that the percipient witness has or had prior access to the Confidential Information.  For purposes of courtroom procedures involving Confidential Information, "Qualified Persons" also means the judge, jury, clerk and other courtroom personnel and percipient witnesses called to testify, but only for purposes of such testimony.

    4. <u>Designation of Confidential Information</u>.  Any Party, or a third party producer of documents or information, may designate Protected Information as Confidential Information by marking such document or information, or any page or portion therein containing Protected Information with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

      a. Protected Information may be designated as Confidential Information either before being produced or within fourteen (14) days after being produced.  Protected Information produced prior to the entry of this Protective Order may be designated as Confidential Information within fourteen (14) days after notice of entry of this Protective Order.  If a Party designates Protected Information as Confidential Information after producing such information or documents, the Party shall specify which information or documents is being designated as Confidential Information.

      b. Deposition testimony, or any portions thereof, may be designated as Confidential Information by any Party before or during the deposition or within fourteen (14) days after the Party's receipt of the transcript of the deposition.  The deposition transcript and any exhibits used during the deposition shall be treated as Confidential Information for the fourteen-day period and thereafter, if so designated

under this section.  Confidential Information that is used or disclosed during a deposition shall either be designated as such on the record at the deposition or later marked as Confidential Information by sending opposing counsel a copy of the transcript with the portions to be considered Confidential Information underlined and identified as such, within the within fourteen (14) day period stated above.  Further, during depositions, any Party claiming that Confidential Information may be disclosed during a question or line of questions may exclude from the room any person who is not a Qualified Person.

     5.    <u>No Waiver</u>.  Neither the designation nor the disclosure of information pursuant to this Protective Order shall operate as a waiver of the attorney-client privilege or protections afforded by the attorney work-product doctrine with respect to the subject of the information disclosed.  Further, neither the designation nor the disclosure of information pursuant to this Protective Order shall waive any objections to relevance or the privacy rights of third parties.

     6.    <u>Disclosure to Non-Qualified Person</u>.  If a Party desires to give, show, make available or communicate Confidential Information to any persons other than a Qualified Person, he or she must provide written notice to counsel for the Party that produced the Confidential Information of the proposed use or disclosure and shall specify the name, occupation, and address of the person to whom disclosure is proposed, the reason for the proposed disclosure, and a description of the documents or information to be disclosed.  If the Party that produced the Confidential Information objects to the proposed use or disclosure, that Party must notify the Party seeking disclosure of any objection within ten (10) days of receipt of notice of the intended use or disclosure.  The Party seeking use or disclosure of the Confidential Information to a person other than a Qualified Person may file a motion with this court seeking approval of the proposed use or disclosure.  The moving Party must demonstrate good cause why the proposed use or disclosure is necessary and appropriate.

///

7. <u>Agreement by Qualified Persons</u>.  Any documents or information designated as Confidential Information shall be made available only to Qualified Persons or to Non-Qualified Persons as provided for in paragraph 6 above.  Such persons, other than the judge, jury, clerk and other courtroom personnel, shall read this Order, and shall undertake in writing to be bound by its terms; to maintain that information or documents designated as Confidential Information in confidence; not to use or disclose information or documents designated as Confidential Information to anyone other than to a Qualified Person; and not to use any documents or information that are subject to this Protective Order except in connection with the trial or preparation for trial of this proceeding.  Before any documents or information designated as Confidential Information are disclosed to a Qualified Person who is an expert, consultant or non-party percipient witnesses, such Qualified Person shall indicate agreement to be bound by the terms of the Protective Order by signing and dating an Undertaking of Confidentiality that is substantially identical to the form attached as Exhibit A.

8. <u>Court Procedures</u>.  Any party desiring to file, as part of a motion or otherwise, an item that has been designated as Confidential shall give, to the party so designating the document, notice of its intent to file the item with the court. The notice may be given by email and/or facsimile.  If the party that designated the Confidential Information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" agrees in writing that the Confidential Information may be filed without seal, the party wishing to file the Confidential Information may proceed with doing so.  Otherwise, any document containing Confidential Information shall be filed separately in a sealed envelope pursuant to Central District of California Local Rule 79-5.1, upon which shall prominently appear a statement substantially similar to the following:

This envelope contains documents subject to a Stipulated Protective Order concerning the use of confidential discovery material entered by the Court in this action.  This envelope shall not be opened, nor shall the contents be displayed or

revealed except by order of the Court. Violation hereof may be regarded as a contempt of court.

This Section shall not apply to the Parties' submission of exhibits for trial, nor the handling of exhibits during trial. If a party intends to use Confidential Information at trial, it shall, before use of Confidential Information at trial, notify the party that designated it as Confidential so that party can seek relief from the Court to maintain the confidentiality of the material by appropriate motion, if necessary.

9. <u>Custody of Designated Materials</u>. A Qualified Person with custody of information or documents designated as Confidential Information shall maintain them in a manner that limits access only to Qualified Persons.

10. <u>Inadvertent Disclosure</u>. Should any document or information designated as Confidential Information hereunder be disclosed, through inadvertence or otherwise, to any person not entitled to receive the same hereunder, the Parties shall use their best efforts to bind such person to the terms of this Order and:

(a) such person shall be informed promptly of all of the provisions of this Order by the receiving Party;

(b) such person shall be identified immediately to the Party that designated the document as Confidential Information; and

(c) such person shall be requested to sign an agreement to abide by the terms of this Order, which signed agreement shall be served on the Party designating the document as Confidential Information.

I. In the event of any disclosure of information to a non-qualified person, whether through inadvertence or otherwise, nothing in this paragraph shall prevent the Party that designated the documents as Confidential Information from asking for the immediate return of such documents or information designated as Confidential Information. In the event of any disclosure of information to a non-qualified person, whether through inadvertence or

otherwise, each Party retains the right to seek appropriate relief from the Court to remedy any resulting issues or concerns.

11.  <u>Compelled Disclosure</u>.  Nothing in this Stipulation and Protective Order shall prohibit disclosure of Confidential Information in response to compulsory process or the process of any governmental regulatory agency.  If any person subject to this Confidentiality Agreement and Protective Order is served with such process or receives notice of any subpoena or other discovery request seeking Confidential Information, such person shall promptly (not more than five (5) business days after receipt of such process or notice) notify the party(s) who designated the Confidential Information being sought, of such process or request, shall take all reasonable steps to refrain from producing Confidential Information in response to such process, and shall afford a reasonable opportunity for the designating party to oppose the process or to seek a protective order.

12.  <u>Challenges to Designation of Confidential Information</u>.  The Parties acknowledge that disagreements may arise over the precise scope of Protected Information and whether or not such Protected Information has been designated as Confidential Information.  The Parties, therefore, retain the right to seek a determination by the Court as to whether information or documents have properly been designated as Confidential Information in accordance with the provisions of this Protective Order.  However, before raising any motion regarding such dispute, the Parties shall make a reasonable, good-faith effort to resolve the issue.  If the Parties are unable to resolve the issue, the party challenging a designation may move the Court for an Order that the contested document(s) or information does not constitute Confidential Information within the meaning of this Protective Order.

13.  <u>Return Upon Termination</u>.  Within sixty (60) days of the final termination of this action, the Parties shall assemble and return to each supplying Party all Confidential Information, including all copies of such information and documents.  All portions of notes, compilations, photographs, memos, etc. specifically

incorporating Confidential Information (including, without limitation, all portions of notes, compilations, photographs, memos, etc. in the possession of persons signing an Undertaking of Confidentiality in the form attached hereto as Exhibit A) shall be destroyed by the receiving Party.  This Protective Order shall survive the conclusion of this action.  Notwithstanding the foregoing, materials filed with Court, attorneys' notes or other materials protected by the work-product or attorney-client privilege, and deposition or other transcripts need not be destroyed, but shall be maintained as Confidential Information under this Protective Order.

      14.    <u>Modification</u>.  This Protective Order may be modified by the Court upon good cause shown by noticed motion or by stipulation.

      15.    <u>Discoverability and Admissibility of Documents</u>.  Nothing in this Protective Order shall be construed to affect either the discoverability or admissibility at trial of any document, recording or thing, nor shall any Party's entry into this Protective Order be deemed to waive either its right to object to the production of documents, recordings or things on appropriate grounds, or to move to compel the production of documents, recordings or things wrongfully withheld from production by any Party or other person or entity.

      16.    <u>Not Admissible</u>.  This Protective Order, or any provision thereof, or form attached hereto, shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce the terms of this Protective Order.

      17.    <u>Court's Jurisdiction</u>.  The Court retains jurisdiction to amend or modify this Order upon motion by any Party or on the Court's own motion.  The provisions of this Protective Order concerning the use and/or disclosure of information or documents designated Confidential Information shall survive the termination of this action.

///

///

///

18.     <u>Effective on Parties</u>.  Until this stipulated Protective Order has been signed by the Court, it shall be effective as an agreement among the parties immediately upon its execution by counsel of record for all parties.

**IT IS SO ORDERED.**

Dated:  March 15, 2013                                    /s/
                                                  Hon. Jacqueline Chooljian
                                                  U.S. Magistrate Judge

# Exhibit A

# UNDERTAKING OF CONFIDENTIALITY PURSUANT TO PROTECTIVE ORDER

I, _____, hereby affirm: (1) I have received and read the Stipulated Confidentiality Agreement and Protective Order, Central District of California, Case No. 12-cv-5191 CAS (JCx); (2) I understand the terms thereof and agree to be bound thereby; and (3) I am aware that a violation of such Order may result in a finding of contempt or other remedy, and I submit to the jurisdiction of the Central District of California for purposes of enforcing the terms of the Order.

Dated:_____, 2013

By:_____